**Bernardo PEREZ–CRUZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70066.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided Dec. 16, 2005.

Before: HANSEN,* W. FLETCHER, and BYBEE, Circuit Judges.

### MEMORANDUM **

Perez–Cruz entered the country in 1990 or 1991 and became a permanent resident in 1996. He pled guilty to fourth-degree assault for an attack on his wife and received Notice to Appear before the INS in 2000. After an appeal and remand by the BIA, the Immigration Judge found Perez–Cruz removable because of his conviction, denied his request for cancellation of removal, and granted voluntary departure. Perez–Cruz appealed his denial of cancellation of removal to the BIA, but the government did not appeal the grant of voluntary departure. The Board dismissed the appeal but made no mention of voluntary departure; Perez–Cruz then filed an appeal and a petition to stay voluntary departure with this Court.

■ We affirm the BIA's dismissal. Perez–Cruz clearly failed to accrue either five years of residency as a lawful permanent resident or seven years of residency in any status, and both are required for cancellation of removal under 8 U.S.C. § 1229b.

■ Voluntary departure is still available to Perez–Cruz, however, because the government did not appeal the grant and the BIA summarily affirmed the Immigration Judge's decision. Because appeal to the BIA stays the decision of the Immigration Judge, Perez–Cruz's time to depart did not expire while he appealed to the agency. *See In re AM-*, 23 I. & N. Dec. 737, 743 (BIA 2005) ("[T]he timely filing of an appeal with the Board stays the execution of the decision of the Immigration Judge during the pendency of the appeal and tolls the running of the time authorized by the Immigration Judge for voluntary departure."). Under our holding in *Desta v. Ashcroft*, 365 F.3d 741, 747–748 (9th Cir.2004), we also toll his grant pending the outcome of this decision. Perez–Cruz's time for voluntary departure will resume running upon issuance of this Court's mandate. In the event that no petition for rehearing is filed, the mandate shall issue fifty-two days following entry of judgement

The petition is DENIED.

---

* The Honorable David R. Hansen, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.